

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jesse Wright, President
Nueces River Conservation & Reclamation District
Corpus Christi, Texas

Dear Sir:

Opinion No. O-4767

Re: Matter of eligibility and
disqualification of members
of the Board of Directors
of Nueces River Conservation
and Reclamation District.

We beg to acknowledge receipt of your letter ask-
ing for a legal opinion of this Department upon the follow-
ing questions:

"1. One of our Directors has entered the
U. S. Military service. He is a valuable mem-
ber of our Board of Directors, which consists
of 21 members. He tendered his resignation be-
fore entering the service, but the Board de-
clined to accept the resignation, and voted him
a leave of absence instead.

"QUERY: WAS THIS ACTION OF THE BOARD OF
DIRECTORS IN VIOLATION OF THE
CONSTITUTION AND LAWS OF THE
STATE OF TEXAS?

"2. Another of our Directors is holding
one or more offices (appointive, such as Deputy
Sheriff, Deputy Tax Assessor, etc.) and receives
remuneration from public funds, State or County,
or both.

"QUERY: IS THIS IN VIOLATION OF THE CON-
STITUTION AND LAWS OF THE STATE
OF TEXAS?

"3. Another Director (who is also our
Treasurer) runs a one man bank in a small town.
He rarely attends our regular statutory quarter-
ly meetings.

"QUERY: DOES THIS NON-ATTENDANCE AUTOMATI-
MATICALLY VACATE HIS OFFICE OF
DIRECTOR AND TREASURER?

"4. Still another Director has accepted ser-
vice, on salary, from the U. S. Agricultural De-
partment. His work is in Texas.

"QUERY: DOES THIS NON-ATTENDANCE AUTOMATICAL-
LY VACATE HIS OFFICE OF DIRECTOR?"

The eligibility of persons as directors of the
District is prescribed by Section 22, of the Act creating
the District, as amended by H. B. No. 638, of the 46th
Legislature, (p. 1073) and is, so far as is pertinent, as
follows:

"It is further provided that any person ap-
pointed as a director or attorney of the District
shall not be eligible to hold any such employment
or appointment in the event such director or at-
torney has, during the preceding five (5) years
before his appointment or employment been employ-
ed by any electric power company; provided further
that all persons appointed or employed as director
or attorney of the District as a prerequisite to
their appointment or employment shall take and sub-
scribe to an oath and make affidavit that they
have not during the preceding five (5) years been
employed in any capacity by any power company here-
in referred to and that they have not received any
moneys from such character of employment, and such
affidavit shall be filed with the Secretary of
State of the State of Texas by all such persons
appointed or employed, and said affidavit shall
be open to public inspection at all times. Pro-
vided further that none of the provisions hereof
shall apply to any engineer employed by the Dis-
trict."

Section 33, of Article XVI of the Constitution, de-
clares:

"The accounting officers of this State shall
neither draw nor pay a warrant upon the treasury
in favor of any person, for salary or compensation

as agent, officer or appointee, who holds at
the same time any other office or position of
honor, trust or profit, under the State or the
United States, except as prescribed in this
Constitution. Provided, * * * ."

In the light of this constitutional provision,
and the statute of eligibility above quoted, we will
answer your questions in the order you have propounded
them.

1. The action of the Board of Directors was
not in violation of any constitution or statute of the
State of Texas. We need not to decide whether or not
the refusal of the Board to accept the director's resig-
nation was effective for any purpose or not.

2. Section 40, of Article XVI of the Constitu-
tion, declares:

"No person shall hold or exercise at the
same time, more than one civil office of emolu-
ment, * * * (with certain exceptions not perti-
nent in this inquiry) unless otherwise special-
ly provided herein."

The Board members of the Nueces River Conserva-
tion and Reclamation District are designated by the Board
of Water Engineers, subject to the approval of the Governor,
and serve for a stated period of six years. They are re-
quired to take and subscribe to an oath of office, similar
in character to the oaths administered to County Commission-
ers, and to execute bond in the sum of $5000.00 each, pay-
able to the District, the sufficiency of which bond is to be
determined by the State Board of Water Engineers. Vacancies in

the Board of Directors are to be filled by a designation of the State Board of Water Engineers, and shall be subject to the approval of the Governor. (H. B. No. 141, Ch. 427, 1st. Called Session, 41st. Legislature, Sec. 6, p. 1667)

The members of the Board -- Directors -- therefore, are public officers, within the meaning of Section 40, of Article XVI of the Constitution.

Moreover, we think they are holding a civil office of emolument, thus bringing them completely within Section 40 of Article XVI. Section V, of H. B. No. 141, Ch. 427, First Called Session of the 44th Legislature, declares:

> "The members of the Board of Directors shall receive a per diem of not more than Five Dollars ($5.00) a day for the period served which shall include traveling and other necessary expenses. Provided this per diem shall not exceed twenty (20) days in any one year."

Undoubtedly, a Deputy Sheriff, a Deputy Tax Assessor, and the like officers, are holders of a civil office of emolument, from which it follows any director holding such further office of Deputy Sheriff, or Deputy Tax Assessor, is doing so in violation of the Constitution.

In such situation the acceptance of and qualification for the second office ipso facto vacates the first office; that is, it creates a vacancy for the purpose of being filled by the appointing power.

3. There is no statute or rule of law automatically vacating the director's office for either of the reasons stated by you.

4. Mere non-attendance does not vacate the director's office, nor are we able to say from your letter whether or not the service on salary from the U. S. Agricultural Department constitutes such civil office of emolument as would work a forfeiture of office under Section 40, Article XVI, of the Constitution. The service mentioned by you, even though on salary, may be that of a mere employee, and this Section of the Constitution applies only to holders of civil office of emolument. There is a difference. An employee performs a service not as an officer under the State, the officer performs a service, but it involves the exercise of some part of the governmental function which differentiates it

Honorable Jesse Wright - page 5

from that of a mere position or employment.

If the position wherein your director has accepted service on salary from the U. S. Agricultural Department is one involving the discharge of a part of the governmental function -- an office -- then the answer to this question is the same as that given to No. 2 above.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED AUG 28, 1942

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN